IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01428-BNB

MATT GREENE,

Applicant,

v.

J. M. WILNER, Warden, FCI - Florence,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 6 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Matt Greene, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). Mr. Greene initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an attached, supporting brief. He paid the $5.00 filing fee required for a habeas corpus action.

In an order filed on August 5, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and to address the affirmative defense of exhaustion of administrative remedies. On August 25, 2008, Respondent filed a preliminary response. On October 3, 2008, Applicant filed a reply.

The Court must construe Mr. Greene's application and reply liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as

a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Greene currently is serving a fifty-four-month sentence for conspiracy to distribute a controlled substance, i.e., methamphetamine, to be followed by five years of supervised release. He received a two-point sentence enhancement in his presentence report for possession of weapons. His projected release date, via good-conduct-time release, is January 5, 2011. He contends that, as a result of the two-point enhancement he received for committing his drug offense with possession of weapons, he wrongfully has been denied the opportunity to earn a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) for successful participation of the BOP's 500-hour, residential drug and alcohol treatment program at FCI-Florence. Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. As relief, Mr. Greene asks to be qualified immediately for the one-year sentence reduction.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administration remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's

2

deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Greene. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

The BOP administrative remedy procedure provides that informal resolution attempts must be completed and a formal grievance submitted within twenty days after the date on which the basis for the grievance occurred. *See* 28 U.S.C. § 542.14(a). The administrative remedy procedure also provides that a grievance must be submitted to the institution staff member designated to receive grievances, which ordinarily is a correctional counselor. *See* 28 C.F.R. § 542.14(c)(4). Finally, the BOP administrative remedy program provides specific deadlines for submitting regional and national appeals. *See* 28 C.F.R. § 542.15(a). Extensions of time may be granted to file either a grievance or an appeal if "the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a

denial at that level." *See* 28 C.F.R. § 542.18. A grievance or appeal may be rejected for failing to comply with the requirements of the administrative remedy procedure. *See* 28 C.F.R. § 542.17(a).

Applicant concedes and the record confirms that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. He contends that exhaustion is futile. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, Respondent contends that Mr. Greene has not even attempted to exhaust BOP administrative remedies, and, therefore, cannot know whether his efforts to exhaust would be futile. The Court agrees. Mr. Greene fails to convince the Court that exhaustion of administrative remedies would be futile in the instant action.

Therefore, the application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 5 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01428-BNB

Matt Greene
Reg. No. 10217-273
FCI - Florence
PO Box 6000
Florence, CO 81226

Paul Farley
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/6/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk